<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MONTVILLE TOWNSHIP,<br><br>              Plaintiff,<br><br>   v.<br><br>WOODMONT BUILDERS, LLC; DAVID MANDELBAUM; NATHAN MANDELBAUM; RONALD G. TARGAN; LESLIE J. KORALEK AND RICHARD W. KORALEK, as Co-Trustees under the Anita S. Koralek Living Trust and POST, BUCKLEY, SCHUH & JERNIGAN, INC.,<br><br>              Defendants. | CIVIL ACTION NO. 03-2680 (DRD)<br><br>**O P I N I O N** |

Martin F. Murphy, Esq.
JOHNSON, MURPHY, HUBNER,
MCKEON & WUBBENHORST
51 Route 23 South
P.O. Box 70
Riverdale, NJ 07457

Gregory J. Coffey, Esq.
COFFEY & ASSOCIATES
465 South Street
Morristown, NJ 07960

    *Attorneys for Plaintiff*

Dennis M. Toft, Esq.
Gage Andretta, Esq.

1

WOLFF & SAMSON, PC
The Offices of Crystal Lake
One Borland Drive
West Orange, NJ 07052

Laurence B. Orloff, Esq.
ORLOFF, LOWENBACH, STEFELMAN & SIEGEL, P.A.
101 Eisenhower Parkway
Roseland, NJ 07068-1082

  *Attorneys for Defendant Woodmont Builders, LLC*

Bennett M. Stern, Esq.
Mark S. Winter, Esq.
STERN, LAVINTHAL, FRANKENBERG, & NORGAARD, LLC
293 Eisenhower Parkway
Suite 300
Livingston, NJ 07039

  *Attorneys for Defendants Nathan Mandelbaum and David Mandelbaum*

Jeffrey P. Blumstein, Esq.
SZAFERMAN, LAKIND, BLUMSTEIN,
WATTER, BLADER, LEHMANN & GOLDSHORE, PC
Quakerbridge Executive Center
101 Grovers Mill Road – Suite 104
Lawrenceville, NJ 08648

  *Attorneys for Defendant Post, Buckley, Schuh & Jernigan, Inc.*

**DEBEVOISE, Senior District Judge**

## I. Background

  This action arises out of a purchase of a property located in Montville Township, New Jersey (the "Property"), by Plaintiff, Montville Township (the "Township"). The Township's complaint, filed in June 2003, asserted fourteen counts against Defendants Woodmont Builders, LLC ("Woodmont"), a developer; David and Nathan Mandelbaum (the "Mandelbaums"); Ronald G. Targan, Leslie J. Koralek, and Richard W. Koralek, as Co-Trustees under the Anita S.

Koralek Living Trust (collectively the "Trustees") and Post, Buckley, Schuk & Jemigan, Inc. ("PBS&J"). The Mandelbaums co-owned the property with the Trustees.

In August 2004 Judge Walls dismissed the Township's claim for cost recovery against the Mandelbaums stating in his opinion that the Township had failed to plead adequately its status as an innocent landowner. In August 2005 this court granted Woodmont's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on Counts I-X; granted Woodmont's motion for summary judgment on Counts XI and XII; and granted the Mandelbaum's motion for summary judgment on the remaining claims against them. Reference is made to the Court's August 12, 2005 opinion for the procedural and factual background of this case and for the legal rulings determinative of the outcome.

The Township moves for leave to file an amended complaint and for reconsideration of the Court's August 12, 2005 opinion.

## II. Motion to File Amended Complaint

The Township's motion to amend arises out of Judge Walls's August 2004 opinion in which Judge Walls stated:

> Plaintiff does not assert an innocent owner defense in the Complaint. Plaintiff alleges only that it is an "innocent purchaser" with no allegations addressing the other elements of an innocent owner defense. For a PRP to properly bring a cost recovery action under Section 107, it must adequately plead its status as an innocent landowner.

The Township asserts that Judge Walls's dismissal was without prejudice[1], that the Township's proposed amended complaint alleges that it was an "innocent landowner" as defined

---

[1] The parties dispute whether Judge Walls's dismissal was with or without prejudice. It is unnecessary to resolve that question for the disposition of this motion.

in CERCLA §107(b)(3) and thus entitled to cost recovery under CERCLA §107(a) and that therefore the liberal pleading mandate of Fed. R. Civ. P. 15 requires that the court allow it to file its amended complaint. The Township asserts that the reason for the year's delay in making its application is that until the Supreme Court's December 13, 2004 decision in Cooper Industries v. Aviall Services, Inc., 125 S.Ct. 577 it believed that it had other grounds for recovery against the Mandelbaums and Woodmont.

     The Township notes that motions to amend pleadings should generally be granted even if the ultimate merits of the amendment are uncertain, Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, 663 F.2d 419, 425 (3d Cir. 1981). The Supreme Court has stated that in the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given." Foman v. Davis 371 U.S. 178 (1962). Had the Township sought to amend its complaint within a reasonable time after Judge Walls issued his opinion in August 2004 it would undoubtedly have been granted. In that event it could have been dealt with in the course of the various motions of the parties to dismiss the complaint and for summary judgment.

     However, the Township waited more than a year before it filed its motion, and events that transpired both before and after August 2004 must be considered in determining whether the motion should be granted. During the period after August 2004 discovery proceeded, framed by the claims as set forth in the original, unamended complaint. The motions were directed to those claims and based on the discovery as thus framed.

The Mandelbaums acquired the 130 acre tract in 1970 and owned it until July 13, 1999, when they sold a 100-acre portion of the property to the Township. Prior to their ownership it had been used for agricultural purposes, in particular as a commercial apple and peach orchard. This involved storage and use of fertilizer and commercial insecticides for spraying.

Prior to October 1997 Woodmont entered into an agreement with the Mandelbaums and the Trustees to develop the property as single family residences. The Township denied Woodmont's application for subdivision approval and Woodmont commenced an action in lieu of prerogative writ. Woodmont, the Mandelbaums and the Township entered into a settlement agreement pursuant to which the Township would acquire the 100 acres of the Property for use as open space. The balance of the property would be subdivided for residential lots.

Before the Township purchased the 100-acre portion of the Property, Woodmont filed its amended application for subdivision approval of the residential portion of the Property. Part of the resolution approving the application required that "all debris, joint and the like" be removed from the entire Property prior to the conveyance to the Township. Also prior to its purchase of the 100-acres the Township addressed the environmental clean up issue and obtained a Phase I Environmental Assessment of the Property in the form of an April 1998 Report of the environmental engineering firm of PBS&J. The PBS&J Report identified several areas of the Property which were areas of concern due to accumulation of abandoned motor vehicles, tires, tanks, construction debris, household debris and other abandoned items. The Report warned specifically as follows:

> Three areas of concern were designated during the site investigation. Area of concern #1 contained several storage containers (above ground storage tanks and drums) of varying sizes. Area of concern #2 contained a great deal of debris.

> While none of the observed debris was considered hazardous, additional material in lower layers could be classified as such. No sampling is recommended for this area at this time; however, when the debris is removed, the lower layers should be carefully examined.

Prior to the July 13, 1999 closing on the purchase of the 100-acre tract the Township was advised that the debris had been removed. It took no steps to pursue the PBS&J Report suggestion that additional material in the layers beneath the debris could be classified as hazardous. The Township later learned that the debris had not been removed and that there were unacceptable levels of chemicals in certain parts of the soil.

The Mandelbaums counter the Township's motion to file an amended complaint basically on two grounds, first, prejudicial delay and second, futility.

The delay indeed has been extraordinary. Judge Walls dismissed the Township's cost recovery claim against the Mandelbaums in August 2004, holding that they had failed to plead adequately its status as an innocent landowner. The Township's purported reason for failing to move to amend at that time, namely, that it believed it had other grounds for recovery, rings hollow. The Supreme Court's <u>Cooper</u> case which held that a private party may seek contribution only during or following any civil action under §9606 or §9607(a) of CERCLA was decided on December 13, 2004, and the Township still did not seek to amend its complaint.

Rather it and the other parties proceeded with discovery guided by the issues as shaped by the unamended complaint. On February 5, 2005 the Mandelbaums moved for summary judgment seeking dismissal of the remaining CERCLA §113 contribution and negligent misrepresentation claims. Judge Walls's opinion played a distinct role in the disposition of the motion. The motion was pending for more than six months until it was decided on August 16,

6

2005. During the same period Woodmont had moved for judgment on the pleadings on certain counts and for summary judgment on other counts. All this involved the filing of a voluminous record and extensive briefing, not to mention the labors of the court reviewing the factual and legal material and preparing its opinion.

Now that this labor has been completed and it has lost, the Township seeks to introduce a new theory of liability into the case - recovery as an innocent landholder. This is a theory which, if it were to be advanced, should have been explored during discovery and tested in the context of the motions to dismiss and for summary judgment. It was an available claim from the outset of this case; the Township was alerted to it specifically in Judge Walls's August 2004 opinion; to have failed to have advanced it at some point during the prosecution of the case and to have waited until late August 2005 is inexcusable and constitutes prejudicial delay.

There is an even more fundamental reason to deny the motion to amend the complaint to assert an innocent purchaser claim. It would be futile and subject to dismissal on a motion for summary judgment.

The Township argues that the Mandelbaums and Woodmont "overlook the standard for evaluating well plead allegations in a proposed Amended Complaint. All well plead allegations must be presumed as true and must be viewed in the light most favorable to the plaintiff. The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." (Township's Reply Brief at 7). This contention would be correct if the case were at the pleading stage. At that stage if a plaintiff pleaded facts from which an innocent purchaser claim could be inferred, the complaint would have to stand and the case proceed to discovery, motions and perhaps trial.

However, the instant case is not at the pleading stage. Discovery has been completed and the case was at the summary judgment stage long before the Township moved to amend its complaint. The Township cannot plead facts that are demonstrably in conflict with facts that have been established on discovery and as to which there is no material issue and then argue that the court must accept these unsupported facts as true, c.f., <u>United States v. Domenic Lombardi Realty, Inc.</u>, 2004 F. Supp. 2d 318 (D.R. I. 2002), in which disputed issues of material fact regarding the landowner's knowledge precluded entry of summary judgment. At this stage of the case futility is determined by application of a summary judgment standard, not by application of a well-plead allegation standard.

The Township seeks to file a CERCLA §107 innocent landowner cost recovery claim. A party seeking to avail itself of the innocent land owner defense under CERCLA §107(b)(3) must demonstrate that it had no knowledge of nor reason to know of hazardous substance disposal in, at or on the property prior to its acquisition of the property <u>U.S. v. Manzo</u>, 182 F. Supp. 2d 385, 409 (D.N.J. 2000). In the instant case the undisputed facts and, indeed, the Township's proposed amended complaint, demonstrate that the Township knew of the existence of the surface debris on the Property, demanding its removal by Woodmont prior to closing its purchase of the Property. The PBS&J Report that the Township received prior to purchasing the Property advised the Township of areas of environmental concern on the Township's portion of the Property, including storage tanks and drums. PBS&J advised the Township that materials beneath the observable surface of the debris could constitute hazardous substances:

> While none of the observed debris was considered hazardous, additional material in lower layers could be classified as such.

8

In these circumstances the assertion of an innocent purchaser claim would be futile, requiring denial of a motion to amend the complaint to assert such a claim[2].

### III. Motion for Reconsideration

The Township also moves for reconsideration of the court's August 12, 2005 opinion and order, asserting that its settlement agreement with Woodmont in the State action did not act as a release of claims under CERCLA and the New Jersey Spill and Compensation Act with respect to the pending federal action.

A motion for reconsideration is governed by Local Civil Rule 7.1(g) which provides in part: "There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." Thus there must be advanced factual material presented at the time the original motion was presented that the court overlooked. It is not an occasion to produce new evidence or legal arguments.

The court's August 12, 2005 opinion granted Woodmont's motion to dismiss the first four counts of the complaint that alleged violations of CERCLA and the New Jersey Spill Act. The grounds for the decision were two fold. First, in January 2004 the Township agreed that it would make no claim against Woodmont of any sort under CERCLA or the New Jersey Spill Act in connection with the cleanup. Second, on the merits Counts II and III should be dismissed for the same reasons summary judgment was granted in favor of the Mandelbaums on Counts II and

---

[2] In its proposed amendment the Township refers to the defendants collectively as prior owners of the property. In fact if its claim, were it valid, should be directed solely against the Mandelbaums because Montville only owned the portion of the Property not conveyed to the Township and on which it constructed homes.

III.

The Township, addressing the first of those two grounds, argues that "the language utilized in the settlement of the state action was limited to prevent the Township from asserting any <u>new</u> claims under CERCLA and the Spill Act for activities Woodmont was only then agreeing to undertake in January of 2004.  The language most certainly did not address the existing claims against Woodmont under CERCLA and the Spill Act currently pending in federal court."  This argument was not raised at the time the original motions were heard and cannot be raised now.  Further, it ignores the alternative ground upon which Woodmont's motion to dismiss was granted, namely, that the Township could not prevail on the merits of its CERCLA and Spill Act claims as pleaded.  As previously noted the deficiency cannot be cured by amending to assert an innocent purchaser cost recovery claim.

## IV.  Conclusion

For the reasons set forth above the Township's motion to file an amended complaint and its motion for reconsideration will be denied.  The court will file an order implementing this opinion[3].

Dated: September 28, 2005                     /s/ Dickinson R. Debevoise
                                              DICKINSON R. DEBEVOISE
                                              U.S.S.D.J.

---

[3] The Township agrees that this disposition of the pending motions requires dismissal of the claims against the Trustees, because they are derivative of the claims against the Mandelbaums and that because the claims against PBS&J are asserted under the Court's supplemental jurisdiction they may be dismissed without prejudice pursuant to 28 U.S.C. §1367(c)(3).